

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT of ILLINOIS

|  |  |
|---|---|
| **Richard Hixson** <br> **Plaintiff** <br><br> vs. <br><br> **Carter Klein,** <br> **Elma Pichon, , Junna Lee Pichon,** <br> **Marygel Pichon, and Janet Hixson** <br> **Defendants.** | ) 1:22-cv-3307 <br> ) Judge Franklin U. Valderrama <br> ) Magistrate Judge Gabriel A. Fuentes <br> ) RANDOM <br> ) <br> ) VERFIED COMPLAINT <br> ) Civil Docket No. <br> ) <br> ) <br> ) <br> ) |

FILED JUN 24 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COMPLAINT FOR DAMAGES – WITH JURY DEMAND

This is an action for monetary damages for defamation and the intentional infliction of emotional distress to the Plaintiff attributable to the violation of a Settlement Agreement.

### JURISDICTIONAL BASIS

1. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction because this action is between citizens of different states and the amount at stake is more than $75,000.

### PARTIES

2. Plaintiff, Richard Hixson is a citizen of the United States and the State of North Carolina, and a Resident of Mecklenburg County, North Carolina, residing at 5733 Chalyce Lane, Charlotte, NC 28270

3. Defendant, Elma Pichon, is a permanent resident of the United States and the State of Illinois, and a Resident of Cook County, Illinois, residing at 1600 West Monroe St., Apt #3, Evanston, IL 60202

4. Carter Klein, is a permanent resident of the United States and the State of Illinois, and a Resident of Cook County, Illinois, residing at 2433 Cowper Ave, Evanston, IL

5. Defendant, Marygel Pichon, is a citizen of the Philippines, the State of Illinois, and a Resident of Cook County, Illinois, residing at 1600 West Monroe St., Apt #3, Evanston, IL 60202

6. Defendant, Junna Lee Pichon, is a citizen of the Philippines, the State of Illinois, and a Resident of Cook County, Illinois, residing at 1600 West Monroe St., Apt #3, Evanston, IL 60202

7. Defendant, Janet Hixson (Mrs. Hixson), is a citizen of the United States, the State of Virginia, and a Resident of Fairfax County, Virginia. She has kept her residence secret but receives legal notices at office at 6631 Old Dominion Drive, McLean, VA 22101

**BACKGROUND**

8. During Thanksgiving Vacation of 2014, the Defendants, visited the Plaintiff's home in Charlotte, NC. It was during this time that Junna Lee Pichon and her sister April Lee Pichon, now residing in Japan, made an illegal recording of Mr. and Mrs. Hixson having a conversation while in their bedroom. At times the Plaintiff raised his voice in frustration over the Mrs. Hixson's ongoing custody battle, while in its 6th year, was interfering with the family's thanksgiving celebration.

9. Junna Lee Pichon and April Pichon were not present in the bedroom or participants in this conversation. Since neither one was a participant in the conversation the recording of that conversation was non-consensual. The act of creating and distributing a non-consensual recording is a criminal act under both North Carolina and under Federal Law.

10. For reasons still unknown to the Plaintiff, the sisters threatened to use this tape against their sister, Mrs. Hixson, in her upcoming child custody hearing in 2016 threatening to send the tape to Mrs. Hixson's son, her ex-husband & the Indiana DCS.

11. After numerous threatening text messages that the Defendants (absent Mrs. Hixson) intended to distribute the illegal recording and testify against Mrs. Hixson at her child custody hearing, Mr. & Mrs. Hixson, filed a complaint Pro Se in the United States District Court for the Western District Of North Carolina, Charlotte Division.[1] The

---

[1] Civil Action No.: 3:16-cv-252

2

    main issue was the act of creating and distributing a non-consensual recording, which as stated earlier, is a criminal act under both North Carolina and under Federal Law. The central argument was the right to privacy and what constituted a forfeiture of that right in one's own home.

12. Ultimately a Settlement Agreement was reached sometime in January 2017. The stipulation of that agreement that is at issue here was the

### Destruction of Recording[2]:

> *"Defendants and their counsel will destroy all copies of the recording that is the subject of this Lawsuit. This action will occur within ten (10) business days after the Effective Date. Counsel for Defendants will provide to Plaintiffs a certification verifying such destruction."*

13. This issue is being filed in the ILND by virtue of a condition in the Stipulation Agreement.
14. Mr. Klein, as defendants' attorney was to provide within 10 days of agreement certification that the tape had been destroyed, he did not.
15. Mrs. Hixson was a signatory to that agreement.

## PERTINENT FACTS

16. Mr. & Mrs. Hixson moved to Northern Virginia in 2019, where Mr. Hixson took a job with Freddie Mac & Mrs. Hixson received her Virginia real estate license in in June 2020.
17. When the Covid pandemic began in March 2020 Mr. Hixson moved back to Charlotte, NC to prepare the home for rental occupancy. Mr. Hixson spent most of the Covid lock down working remotely from Charlotte, NC, occasionally visiting Mrs. Hixson in VA.
18. In May of 2021 Janet began an affair with Michael San Juan residing in Springfield, VA.

---

[2] Paragraph 3 of the Stipulation Agreement, filed with this District Court.

19. On July 31st Mrs. Hixson removed all her personal items from the apartment while Mr. Hixson was in Charlotte, most items were considered marital property. Mrs. Hixson left no forwarding address.

20. On September 7th, the day after Labor Day, Mr. Hixson received Mrs. Hixson's divorce complaint

21. The complaint was filed in Virginia and since Mrs. Hixson did not satisfy Virginia's statutory requirements of one-year separation she employed a tactic used by many women to circumvent this requirement by filing a fraudulent complaint of domestic violence and then filed for a protective order, even though the Plaintiff had been living full time in Charlotte, NC.

22. To facilitate this subterfuge the Defendants conspired with Mrs. Hixson to provide the tape that was to be destroyed by virtue of the Stipulate Agreement to assist in Mrs. Hixson's fraudulent justification for an early divorce.

23. This recording was used to bolster Mrs. Hixson's claim of domestic violence in her bid for a protective order that she believed would give her greater leverage in her upcoming divorce proceedings with the Plaintiff.

24. The irony is the only documented evidence of domestic violence between the couple during their 13 years of marriage was Mrs. Hixson's police arrest report, dated 11/22/2018, which stated, "the defendant [Janet Hixson] unlawfully and willfully did assault and strike RICHARD HIXSON by STRIKING THE VICTIM ABOUT THE FACE AND BITING THE VICTIM." [3]

25. Mrs. Hixson deceptively played this tape at a PO hearing, with total disregard for the signed Stipulation Agreement, taking the recording, created more than 7 years earlier, out of context and suggesting to the court this was a more recent example of the Plaintiff's temperament.

26. The PO hearing was not subject to rigid evidentiary rules one would find in an appeal, so Mrs. Hixson prevailed. Plaintiff was given a 1-year protective order, and not 2 because the judge didn't really find the Plaintiff that serious of a threat to Mrs. Hixson's wellbeing and safety to grant a longer PO period, but nonetheless Plaintiff had to live with the injury, defamation, and humiliation inflicted by a fraudulently

---

[3] See attached Police Report

filed PO. Additionally, Plaintiff had to surrender all his weapons, losing his second amendment rights for one (1) year, based on fraudulent accusations propped up by the banned recording.

27. Plaintiff immediately appealed to have a more evidentiary hearing but unfortunately because of Covid 19 the backlog resulted in a hearing date 1 year after the incident, about a week or 2 after the PO expired.

28. Mrs. Hixson had more sinister intentions than depriving the Plaintiff of his 2nd amendment rights. She used the PO to conceal the fact she was living with another man which would have resulted in a denial of spousal support, which she is aggressively seeking, despite her financial success as a real estate agent in Northern Virginia.

29. The actions of the defendants collectively and those specifically of Mrs. Hixson has resulted in defaming the Plaintiff, a reputation loss, extreme emotional distress, grief, and humiliation.

## COUNT I

## IINTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff realleges paragraphs 1 through 26 above.

31. The conduct of the Defendants described herein was intentionally malicious and outrageous and was undertaken with deliberate intention to cause extreme emotional distress. Their conduct has diminished the capacity of Plaintiff's enjoyment of leisure time, the quiet enjoyment of his personal life, a loss of sleep, extreme emotional distress, and heightened anxiety.

32. Their despicable behavior is a response in their misguided support to gain for Mrs. Hixson a fraudulent quick divorce with maximum financial gain based on fabricated claims.

33. Their conspiracy exceeds all boundaries of human decency and enabled Mrs. Hixson's fraudulent claims to the court. Their actions further aggravated the Plaintiff's emotional distress.

34. Mrs. Hixson's perpetrated fraud on the courts with total disregard for the signed Stipulation Agreement is reprehensible and should not be tolerated.

35. Their collective actions have created a level of extreme distress for the Plaintiff resulting in a lack of focus on his successful analytical career which has had a negative impact on promotion possibilities, resulting in economic damages.

## COUNT II

## DEFAMATION

36. Plaintiff realleges paragraphs 1 through 32 above.
37. The Defendants made or caused to be made statements to third parties, spoken, or published in electronic media to the effect that the Plaintiff was regularly abusive to Mrs. Hixson. These statements were designed to destroy the reputation of the Plaintiff.
38. Defendants made or caused to be made the above referenced false statements intentionally, knowingly, and a reckless disregard for the truth of falsity of such statements.
39. These statements were false and defamatory and were made to hold Plaintiff up to public contempt, ridicule, hatred, and harassment, all to the Plaintiff's detriment.

## COUNT III

## VIOLATING THE STIPULATION AGREEMENT TO DESTROY AND NOT DISTRIBUTE THE TAPE

40. Plaintiff realleges paragraphs 1 through 36 above.
41. The creation and distribution of the non-consensual recording while in the Plaintiff's home over Thanksgiving 2014 reveals the deprived and deviant nature of their character. Why would the Defendants retain this recording for almost 7 years and contrary to the Stipulation Agreement without revealing its existence?
42. The Court ordered destruction of this recording was defied and later used to the detriment of the Plaintiff was deliberate and intended to ruin the reputation of the Plaintiff and inflict emotional distress in his life.
43. Using this recording to diminish the character of the Plaintiff to affect a favorable outcome in Mrs. Hixson's divorce proceeding is malicious and intended to inflict harm to the Plaintiff.

44. Mrs. Hixson in a very devious and malicious way, with the complicit support of the other Defendants, used this recording to advance her goal of gaining advantage over plaintiff in divorce proceedings. The use of this recording was in violation of the agreed upon terms of the Stipulated Agreement.

## Prayer for Relief

**Wherefore** plaintiff prays this Court the following relief:

### FIRST CLAIM FOR RELIEF
### Intentional Infliction of Emotional Distress

45. Judgment against the defendants, jointly and severally for compensatory damages of $120,000 and punitive damages of $150,000 or an amount to be determined at trial, for the malicious infliction of emotional distress and mental anguish by portraying the Plaintiff as domestically violent. There is no evidence that the Plaintiff has ever physically abused his wife.
46. Punitive damages of thirty thousand dollars ($30,000) per defendant or an amount to be determined at trial for the malicious and deliberate harm caused to the Plaintiff.
47. Punitive damages of two hundred thousand dollars ($200,000) per defendant or an amount to be determined at trial for the malicious and deliberate harm caused to the Plaintiff by their actions resulting in the forfeiture of Plaintiff's 2nd Amendment Rights.

### SECOND CLAIM FOR RELIEF
### Defamation

48. Judgment against the defendants, jointly and severally for compensatory damages of $120,000 and punitive damages of $500,000 or an amount to be determined at trial for the willful, outrageous, malicious statements and a reckless disregard for the truth of falsity of such statements .

### THIRD CLAIM FOR RELIEF
### Violation of the Stipulated Agreement

7

49. For defendants, jointly and severally for recovery of civil damages allowed by law of $1,000 a day for each day of the violation for the distribution of a non-consensual recording, contrary to the Stipulated Agreement. This amount to be determined at Trial.

50. For the defendants, jointly and severally for punitive damages in an amount of $500,000 or an amount to be determined at trial for the Violation of the Stipulated Agreement and distribution of the non-consensual recording for the sole purpose of ruining the reputation of the Plaintiff and to maliciously influence the outcome of the Mrs. Hixson's divorce proceedings thereby inflicting extreme emotional distress and undermining the integrity of the Judicial Process.

51. For Mrs. Hixson punitive damages in an amount of $1,000,000 for deliberately and maliciously subverting the judicial process or an amount to be determined at Jury Trial.

52. The costs to compensate the Plaintiff for his time and discretionary costs in bringing this cause of action.

53. Such other relief as the Court may deem just and proper.

Respectfully submitted,

Richard Hixson
5733 Chalyce Lane
Charlotte, NC  28270
(980) 900-2458

## JURY DEMAND

The Plaintiff, Richard Hixson, respectfully requests that this action and all claims be tried by jury.

Dated this 24th day of June 2022
Respectfully submitted,

By: *[signature: Richard Hixson]*
Richard Hixson, Pro Se Litigant

## VERIFICATION AND SIGNATURE

I affirm, under the penalties for perjury, that the above and foregoing statements are true representations this 24th day of June 2022.

*Richard Hixson*

Richard Hixson

# STATE OF NORTH CAROLINA

**MECKLENBURG** County

In The General Court Of Justice
District Court Division

## MAGISTRATE'S ORDER

**File No.** 18CR 241283
**Law Enforcement Case No.** 181122234101
CHARLOTTE MECKLENBURG POLICE DEPARTMENT
**LID No.** 477117
**SID No.**
**FBI No.**

**Offense:** I M-SIMPLE ASSAULT

### THE STATE OF NORTH CAROLINA VS.

**Name And Address Of Defendant**
JANET PICHON HIXSON
5733 CHALYCE LN
CHARLOTTE  NC  28270
(704) 609-3831

| Race | Sex | Date Of Birth | Age |
|---|---|---|---|
| A | F | 04/06/1977 | |

**Social Security No.**
**Drivers License No. & State**

**Name Of Defendant's Employer**

**Offense Code(s):** I 1368
**Offense In Violation Of G.S.:** I 14-33(A)

**Date Of Offense:** 11/22/2018 through 11/22/2018
**Date Of Arrest & Check Digit No. (As Shown On Fingerprint Card):** 11/23/2018  9055RYR

**Arresting Officer (Name, Address Or Department):**
MCCLURE, R
CHARLOTTE MECKLENBURG POLICE DEPARTMEN

I, the undersigned, find that the defendant named above has been arrested without a warrant and the defendant's detention is justified because there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully and willfully did assault and strike RICHARD HIXSON by STRIKING THE VICTIM ABOUT THE FACE AND BITING THE VICTIM.

**Names & Addresses Of Witnesses (Including Counties & Telephone Nos.):**
CARTER, JERRY
CHARLOTTE MECKLENBURG POLICE DEPARTMEN

**Date Issued:** 11/23/2018

☐ Misdemeanor Offense Which Requires Fingerprinting Per Fingerprint Plan

This act was in violation of the law referred to in this Magistrate's Order. This Magistrate's Order is issued upon information furnished under oath by the arresting officer(s) shown. A copy of this Order has been delivered to the defendant.

**Signature:** R. GARDNER
☒ Magistrate  ☐ Deputy CSC
☐ Assistant CSC  ☐ Clerk Of Superior Court

**Location Of Court:** Mecklenburg County Courthouse; 1150
832 EAST FOURTH ST
CHARLOTTE, NC 28202

**Court Date:** 11/23/2018
**Court Time:** 09:00  ☒ AM  ☐ PM

**Domestic Case/VRA Case**

**DEFENDANT COPY**

AOC-CR-116, Rev. 4/14
© 2014 Administrative Office of the Courts