**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Richard Hixson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:22-cv-03307 |
| | ) | |
| v. | ) | Hon. Judge Franklin U. Valderrama |
| | ) | |
| Carter Klein, Elma Pichon, Junna Lee | ) | Magistrate Judge Gabriel A. Fuentes |
| Pichon, Marygel Pichon, and Janet Hixson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CARTER KLEIN'S MOTION TO DISMISS**

**JENNER & BLOCK LLP**

John F. Ward, Jr., # 6208004
Lina R. Powell, # 6315661
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484
jward@jenner.com
linapowell@jenner.com

*Attorneys for Defendant Carter H. Klein*

**INTRODUCTION**

Plaintiff's pro se complaint (the "Complaint") reveals on its face that this litigation is the latest chapter in Plaintiff's long-running feud with his ex-wife, defendant Janet Hixson, and other members of Janet Hixson's family—the Pichons—who also are named as defendants in this suit.[1] The Complaint describes a series of disputes among them, including supposed secret tapings of conversations and contentious civil litigation, such as protective order proceedings, custody proceedings, prior federal court litigation initiated by Plaintiff pro se, and divorce proceedings. The difference in this lawsuit, however, is that Plaintiff now drags in Jenner & Block attorney Carter H. Klein as a defendant. Given that, one would expect the Complaint to contain specific factual allegations providing a basis for including Mr. Klein in this most recent chapter of Plaintiff's familial litigation. Instead, the Complaint's only factual references to Mr. Klein are that he served as counsel (which he did *pro bono*) in the federal court lawsuit that Plaintiff filed against the Pichons in 2016, and that Mr. Klein allegedly did not certify the destruction of an audio recording involving Plaintiff pursuant to the 2017 settlement agreement resolving that lawsuit.

Plaintiff's Complaint asserts three claims against Mr. Klein: defamation, intentional infliction of emotional distress, and breach of contract. But the Complaint contains no allegations whatsoever of alleged wrongdoing by Mr. Klein in connection with Plaintiff's defamation and intentional infliction of emotional distress claims. Whatever Plaintiff's reasons were for asserting those two counts against Mr. Klein, they cannot circumvent the dispositive reality that Plaintiff has failed to plead the basic and necessary elements of those torts against Mr. Klein, rendering those claims fatally deficient as a matter of law.

---

[1] Plaintiff has a history of filing complaints against attorneys and members of the judiciary related to his familial disputes. *See, e.g.*, *Richard Hixson v. Janet Hixson, et al.*, Case No. 3:22-cv-218 (W.D.N.C. filed May 16, 2022); *Richard Hixson v. Honorable. David A. Oblon, Judge*, Case No. 3:22-cv-184 (W.D.N.C. filed April 26, 2022).

For example, the fundamental threshold element of a defamation claim is the allegation that a particular defendant published defamatory statements about a plaintiff to a third party. Yet, Plaintiff fails to allege a single fact that *Mr. Klein* made any statements about Plaintiff, much less defamatory statements about him, to a third party. Instead, the Complaint asserts only conclusory allegations that "Defendants" collectively engaged in defamatory wrongdoing, without any specific allegation that Mr. Klein himself did anything. At best, the defamation claim stems from Plaintiff's allegation that Janet Hixson presented an audio recording of Plaintiff's *own words* at the protective order hearing, without explaining how the publication of Plaintiff's own words could be both false and defamatory. That failure is particularly significant here, where the defamation claim is based on alleged conduct that occurred during protective order and divorce proceedings, but there are no allegations that Mr. Klein was present or otherwise involved in those proceedings in any way. In addition, Plaintiff's defamation claim against Mr. Klein fails for the independent reason that liability for the alleged defamatory statements—even assuming the Complaint attributed such statements to Mr. Klein, which it does not—would be barred as a matter of law under the absolute litigation privilege which immunizes attorneys from liability for conduct made in the context of judicial proceedings.

Plaintiff's intentional infliction of emotional distress claim similarly fails as a matter of law because Plaintiff alleges no facts demonstrating the fundamental elements of that claim: (i) that Mr. Klein engaged in extreme and outrageous conduct toward Plaintiff that went beyond all possible bounds of human decency, (ii) that Mr. Klein engaged in any conduct with the intent to cause Plaintiff severe emotional distress, or (iii) that Plaintiff suffered emotional distress that was sufficiently severe. Moreover, the absolute litigation privilege also applies to Plaintiff's intentional infliction of emotional distress claim and bars that claim as a matter of law.

Finally, Plaintiff's breach of contract claim is barred by the applicable statute of limitations. The settlement agreement that Plaintiff seeks to enforce provides that North Carolina law governs contract issues. The statute of limitation for breach of contract claims under North Carolina law is three years. The Complaint itself plainly demonstrates that Plaintiff's contract claim arose in early 2017 when Mr. Klein allegedly breached the settlement agreement by failing to provide a certification of destruction regarding copies of the audio recording at issue in that litigation. Despite this, Plaintiff waited until 2022, more than five years later, to assert his breach of contract claim against Mr. Klein, long after the three-year statute of limitations had expired.

In sum, Plaintiff's Complaint fails to present any legally sufficient claim against Mr. Klein, who should never have been named in this case in the first place and who should not be further subjected to Plaintiff's ongoing litigation against his ex-wife and former family members regarding purely family-oriented disputes. This Court should dismiss each count of the Complaint against Mr. Klein with prejudice because each fails to state a claim upon which relief can be granted and their defects cannot be cured by amendment.

## THE COMPLAINT ALLEGATIONS[2]

According to the Complaint, during a 2014 Thanksgiving vacation, April Lee Pichon and Junna Lee Pichon, Janet Hixson's sisters, recorded a conversation between Plaintiff and his then-wife, Janet Hixson, in the bedroom of the couple's home in Charlotte, North Carolina (the "2014 Audio Recording"). (Compl. ¶ 8.) The 2014 Audio Recording allegedly captured Plaintiff raising his voice in frustration over a custody battle between Janet Hixson and her ex-husband that allegedly was interfering with the family's Thanksgiving celebration. (*Id.*)

---

[2] Mr. Klein disputes many of the facts contained in the Complaint but assumes the Complaint's well-pled factual allegations to be true for the purposes of the Motion to Dismiss only.

3

Two years later, in 2016, Junna Lee Pichon and April Lee Pichon allegedly threatened to use the 2014 Audio Recording against Janet Hixson in her still-ongoing child-custody proceeding. (Compl. ¶ 10.) According to the Complaint, Junna Lee Pichon and April Lee Pichon threatened to send the audio recording to Janet Hixson's ex-husband, Janet's son from that prior marriage, and the Indiana Department of Child's Services. (*Id.*) The Complaint does not allege any facts showing that Mr. Klein was involved in any way in this conduct.

In 2016, Plaintiff and Janet Hixson filed a lawsuit in federal court in North Carolina against numerous Pichon family members, including three of the defendants in the current action—Junna Lee Pichon, Elma Pichon, and Marygel Pichon—relating to the alleged creation and distribution of the 2014 Audio Recording (the "North Carolina Litigation").[3] (Compl. ¶ 11.) Mr. Klein represented the Pichons in that action.[4]

In January 2017, the parties to the North Carolina Litigation entered into a written confidential settlement agreement ("Settlement Agreement") resolving that litigation. (Compl. ¶ 12.) A copy of the Settlement Agreement is attached to this Motion as Exhibit A.[5]

The Settlement Agreement provided that copies of the 2014 Audio Recording should be destroyed, and counsel was to provide a certification within ten days to Plaintiff and Janet Hixson verifying the destruction of the recordings. (Compl. ¶ 12.) In the Complaint, Plaintiff alleges that

---

[3] *Hixson, et al. v. Hernandez, et al.*, Case No. 3:16-cv-252 (W.D.N.C. filed May 20, 2016). This Court may take judicial notice of publicly available information without converting the Motion into a motion for summary judgment. *See United States ex rel. John v. Hastert*, 82 F. Supp. 3d 750, 764 (N.D. Ill. 2015); *see also Pugh v. Trib. Co.*, 521 F.3d 686, 691 n.2 (7th Cir. 2008).
[4] *See Hixson, et al. v. Hernandez, et al.*, Case No. 3:16-cv-252, Dkt. No. 10 (W.D.N.C.) (order granting Mr. Klein's motion for leave to appear *pro hac vice*).
[5] The Court may consider the Settlement Agreement without converting the Motion into a motion for summary judgment because it is expressly referenced in Plaintiff's Complaint and central to his claims. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002).

Mr. Klein, as attorney for the defendants in the North Carolina Litigation, failed "to provide within 10 days of agreement certification that the tape had been destroyed." (Compl. ¶ 14.)

In September 2021, Janet Hixson filed for divorce against Plaintiff. (Compl. ¶¶ 20–21.) Around the same time, she also filed a domestic violence complaint and a request for a protective order against Plaintiff (Compl. ¶ 21), allegedly as part of "a tactic used by many women" because she did not satisfy a state law requirement of a one-year separation before filing for divorce. (*Id.*)

According to the Complaint, Janet Hixon introduced the 2014 Audio Recording as evidence in support of her claims against Plaintiff during the 2021 protective order hearing. (Compl. ¶¶ 22–25.) Plaintiff does not allege that Mr. Klein was involved in those proceedings in any way. Janet Hixon prevailed in that hearing and received a one-year protective order against Plaintiff. (Compl. ¶ 26.) Plaintiff was then required to surrender all of his weapons for a year, allegedly in deprivation of his "Second Amendment rights." (*Id.*)

The Complaint contains a single allegation only specifically referencing Mr. Klein—that, as attorney to defendants in the North Carolina Litigation—he failed "to provide within 10 days of agreement certification that the tape had been destroyed." (Compl. ¶ 14.) There are no allegations that Mr. Klein represented any party in connection with the Hixsons' 2021 divorce or domestic violence proceedings, that he was ever in possession of the 2014 Audio Recording, that he played or published the 2014 Audio Recording at Janet Hixson's protective order hearing or anywhere else, or that he was even present at that protective order hearing. Nor are there any allegations in the Complaint that Mr. Klein even knew that such a hearing ever took place, almost five years after the North Carolina Litigation had settled.

On June 24, 2022, Plaintiff filed this lawsuit against Janet Hixon, Junna Lee Pichon, Elma Pichon, Marygel Pichon, and Mr. Klein. Each of his three claims is asserted against all defendants.

## ARGUMENT

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is facially plausible." *O'Gorman v. City of Chicago*, 777 F.3d 885, 888–89 (7th Cir. 2015). To state a claim for relief that is plausible on its face, a plaintiff must allege facts with sufficient specificity to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "The allegations must be sufficient to raise a right to relief above the speculative level." *O'Gorman*, 777 F.3d at 88–89.

Plaintiff does not—and cannot—plead facts demonstrating that his claims are plausible and, even if he did, those claims fail as a matter of law. For these reasons and as set forth in more detail below, this Court should dismiss Plaintiff's claims against Mr. Klein with prejudice. *See Bell*, 550 U.S. at 555; *Ashcroft*, 556 U.S. at 678.

## I. Plaintiff's Defamation Claim Against Mr. Klein Fails as a Matter of Law.

To state a cognizable defamation claim, "a plaintiff must allege that 'the defendant made a false statement about the plaintiff, that the defendant made an unprivileged publication of that statement to a third party, and that [the] publication caused damages.'" *Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831 (7th Cir. 2019) (quoting *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009)); *see also Taube v. Hooper*, 840 S.E.2d 313, 317 (N.C. Ct. App. 2020) ("to recover for defamation, a plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation").[6]

---

[6] Plaintiff alleges that he is a citizen of North Carolina and that Mr. Klein is a citizen of Illinois. (Compl. ¶¶ 2, 4.) As a result, Plaintiff's claims are analyzed under Illinois and North Carolina law, which are substantively the same with respect to the issues raised in Mr. Klein's Motion to Dismiss. Accordingly, the Court need not resolve the issue of which state's law applies to decide

The threshold element of a defamation claim is that a defendant makes or participates in the publication of allegedly defamatory statements to a third party. *Green*, 917 N.E.2d at 459. But Plaintiff's Complaint does not contain a single allegation that Mr. Klein made *any* statement whatsoever about Plaintiff. Plaintiff alleges only that Janet Hixson played the 2014 Audio Recording at her protective order hearing (Compl. ¶ 25), but Plaintiff does not allege facts showing any participation by Mr. Klein in that conduct, nor could he do so because he cannot allege that Mr. Klein was counsel in those proceedings or otherwise involved in them. Courts can and do dismiss defamation claims at the pleading stage where, as here, a plaintiff's complaint is devoid of allegations identifying an individual defendant as making the alleged defamatory statement. *See Lucky Fella LLC v. Village of Oak Brook*, No. 11 C 08936, 2013 WL 1337316, at *5 (N.D. Ill. Mar. 29, 2013) (dismissing defamation claim where complaint failed to allege any false statement or publication by defendant, because "[w]ithout any factual allegations of involvement by [the defendant], there is no plausible defamation claim stated against him"); *Miller v. Henderson*, 322 S.E.2d 594, 597 (N.C. Ct. App. 1984) (affirming dismissal of defamation claims against additional defendants where "Plaintiff failed to allege any affirmative action or personal involvement on the part of [additional] defendant appellees in the alleged defamatory publication; therefore, they may not be held individually accountable for the actions taken by Henderson alone"); *see generally Allen v. Bd. of Trustees Rock Valley College*, No. 19-CV-05465, 2021 WL 4034067, at *7 (N.D. Ill. Sept. 3, 2021) (dismissing claims because "[v]ague references to a group of 'defendants,'

---

the Motion. *See, e.g.*, *Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 729 (7th Cir. 2014) ("The Illinois courts hold that a choice-of-law determination is required only when the moving party has established an actual conflict between state laws.") (internal quotation marks omitted); *accord Quidore v. All. Plastics, LLC*, 19 CVS 23648, 2020 WL 7082566, at *4 n.2, *5 (N.C. Super. Dec. 3, 2020) (declining to "decide choice of law at this stage in part because the Court concludes that the Counterclaims are insufficiently pleaded under either [North Carolina or South Carolina's] law," noting that "the essential elements" of the claim were similar under both states' laws).

without specific allegations tying the individual defendants to the alleged unconstitutional conduct, are insufficient") (internal quotation marks omitted).

Even if Plaintiff *had* alleged Mr. Klein made a statement about Plaintiff during the protective order hearing, Plaintiff's defamation claim against Mr. Klein would still fail as a matter of law for the independent reason that the absolute litigation privilege protects conduct and statements made in the context of judicial proceedings. "[A]n attorney or private party to litigation is 'absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of, or during the course and as a part of, a judicial proceeding in which he participates as counsel, if it has some relation to the proceeding.'" *Atturo Tire Corp. v. Toyo Tire Corp.*, No. 14-CV-0206, 2022 WL 1470362, at *3 (N.D. Ill. May 10, 2022) (quoting *Bedin v. Nw. Mem'l Hosp.*, 187 N.E.3d 739, 749 (Ill. App. Ct. 1st Dist. 2021)); *see also Watts-Robinson v. Shelton*, 796 S.E.2d 51, 54 (N.C. Ct. App. 2016).

Whether the absolute litigation privilege applies to a defamation claim is a matter of law for the Court to decide. Courts apply the privilege liberally to protect lawyers from defamation claims based on the important public policy that lawyers should not be deterred from zealously representing a client's interests for fear that the representation may give rise to a defamation claim. *See, e.g., Semmerling v. Bormann*, No. 18 CV 6640, 2019 WL 10375623, at *2 (N.D. Ill. Sept. 11, 2019) (dismissing defamation claim because "[u]nder Illinois law, anything said or written in the course of a legal proceeding is protected by an absolute privilege") (internal quotation and citation omitted); *Watts-Robinson*, 796 S.E.2d at 54 (affirming dismissal of defamation claim because a "defamatory statement made in due course of a judicial proceeding is absolutely privileged and will not support a civil action for defamation").

8

Here, the conduct that Plaintiff alleges is the basis for his defamation claim are statements made or caused to be made by Janet Hixson during her judicial protective order proceeding. (Compl. ¶ 25.) And, while Plaintiff does not describe the substance of those alleged defamatory statements in detail, what is clear from the Complaint is that the subject matter of those statements concerned whether Janet Hixson was abused by Plaintiff. (Compl. ¶ 37.) Those statements therefore would have been relevant to the protective order hearing, and, even if the Plaintiff had alleged that Mr. Klein had made such statements in that context—which he does not—they would be protected by the absolute litigation privilege and could not, as a matter of law, form a basis for a defamation claim against Mr. Klein. *See Atturo Tire Corp.*, 2022 WL 1470362, at \*3; *Semmerling*, 2019 WL 10375623, at \*2; *Watts-Robinson*, 796 S.E.2d at 54.

Thus, Plaintiff's defamation claim (Count II) against Mr. Klein should be dismissed as a matter of law. In addition, the claim's deficiencies cannot be cured by an amended pleading, and dismissal with prejudice is appropriate. *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994) (a court may deny leave to amend if the proposed repleading would be futile); *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 610 (N.D. Ill. 2015), *aff'd*, 900 F.3d 521 (7th Cir. 2018) ("Futile repleadings include restating the same facts using different language, reasserting claims previously determined, and the inability to survive a motion to dismiss.").

## II. Plaintiff's Intentional Infliction of Emotional Distress Claim Against Mr. Klein Fails as a Matter of Law.

As an initial matter, the absolute litigation privilege that defeats Plaintiff's defamation claim against Mr. Klein also is fatal to his intentional infliction of emotional distress ("IIED") claim based on the same conduct—the alleged statements made against Plaintiff at the protective order hearing. (Compl. ¶ 37.) Courts regularly dismiss IIED claims, as well as defamation claims, based on the absolute litigation privilege where the same facts give rise to both, because of the

9

need to protect attorneys from liability based on their advocacy. *Onyango v. Nick & Howard, LLC*, No. 13 CV 6256, 2014 WL 3810800, at *4-5 (N.D. Ill. Aug. 1, 2014) (dismissing IIED claim where the "alleged defamatory remarks and conduct cannot form the basis of [a] claim for intentional infliction of emotional distress because they are absolutely privileged"), *aff'd*, 607 Fed. Appx. 552 (7th Cir. 2015) (unpublished); *Jones v. Coward*, 666 S.E.2d 877, 880 (N.C. Ct. App. 2008) (affirming dismissal of defamation and IIED claims because "the privilege we have held protects defendant from an action for defamation would be eviscerated" if IIED claim were allowed).

Moreover, even if the absolute litigation privilege did not bar the IIED claim as a matter of law, the Court should still dismiss that claim because, like Plaintiff's defamation claim, the Complaint's factual allegations are insufficient to support an IIED claim. To properly allege such a claim, a plaintiff must plead: (1) "extreme and outrageous" conduct by the defendant; (2) intent on the defendant's part to "inflict severe emotional harm or [knowledge] that the harm was highly likely to result," and (3) severe emotional harm resulting from the defendant's conduct. *Marsden v. Kishwaukee Cmty. Coll.*, 572 F. Supp. 3d 512, 530 (N.D. Ill. 2021); *see also Norton v. Scotland Mem'l Hosp., Inc.*, 793 S.E.2d 703, 708 (N.C. Ct. 2016) (to state an IIED claim, a plaintiff must allege: "(1) extreme and outrageous conduct (2) which is intended to cause and does cause (3) severe emotional distress to another").

Plaintiff's Complaint does not plead the fundamental elements of an IIED claim against Mr. Klein. *First*, there are no facts alleged to demonstrate that Mr. Klein engaged in any "extreme and outrageous" conduct towards Plaintiff. An IIED claim requires that "the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community." *Marsden*, 572 F. Supp. 3d at 530 (quoting

10

*Feltmeier v. Feltmeier*, 798 N.E.2d 75, 83 (Ill. 2003); *Norton*, 793 S.E.2d at 708.  Here, the only alleged conduct seemingly in support of Plaintiff's IIED claim is that *Janet Hixson* introduced a recording at a protective order hearing as evidence to support her claim that Plaintiff was abusive; evidence that, by Plaintiff's own account, a court found sufficiently compelling to grant her request for a protective order against Plaintiff.  (*See* Compl. ¶¶ 22–23, 25–26.)  But even if Janet Hixson's introduction of the 2014 Audio Recording was improper or her accusations against Plaintiff were false, that conduct would fall well short of the "extreme and outrageous" conduct that the law requires for a cognizable IIED claim. *See, e.g.*, *Thomas v. Coach Outlet Store*, No. 16 C 3950, 2017 WL 386656, at *5 (N.D. Ill. Jan. 27, 2017) (granting dismissal of IIED claim because "[f]alse accusations of illegal activity or poor work performance do not give rise to a claim for intentional infliction of emotional distress"); *Layne v. Builders Plumbing Supply Co. Inc.*, 569 N.E.2d 1104, 1109 (Ill. App. Ct. 2d Dist. 1991) (no extreme and outrageous conduct where defendant falsely told police that plaintiff had harassed, assaulted, and threatened a coworker); *Hall v. Charter Commun., LLC*, No. 3:17-CV-00497-GCM, 2018 WL 651345, at *3 (W.D.N.C. Jan. 31, 2018) (dismissing IIED claim for failing to meet "high threshold" of extreme and outrageous conduct).

And, in any event, Janet Hixson's actions are insufficient to form the basis of an IIED claim *against Mr. Klein*, because the Complaint does not allege that Mr. Klein was present at the protective order hearing or otherwise involved in the Hixsons' proceedings.  *See, e.g.*, *Bernard v. Baldwin*, No. 20-CV-5368, 2022 WL 847628, at *4 (N.D. Ill. Mar. 22, 2022) (dismissing IIED claim where "Plaintiff's complaint does not contain any allegations that Defendant Adjaley was present during the events"); *Atkins v. Hasan*, No. 15 CV 203, 2015 WL 3862724, at *3–4 (N.D. Ill. June 22, 2015) (dismissing IIED claim because "plaintiffs have not alleged that any of those officers actually engaged in any of the conduct described").

11

Further, it is doubtful that allegations failing to differentiate among defendants—a tactical crutch on which Plaintiff relies heavily throughout his Complaint—satisfy federal pleading standards. *See, e.g.*, *Allen*, 2021 WL 4034067, at \*7 ("[v]ague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct, are insufficient"); *Sharp v. Bank of Am., N.A.*, No. 19 C 5223, 2020 WL 1543544, at \*7 (N.D. Ill. Mar. 31, 2020) (dismissing claims where plaintiff "engaged in improper group pleading" because "the complaint must still specify the actions that create liability for a defendant"); *Atkins*, 2015 WL 3862724, at \*3 (dismissing claims after finding that group pleading was "inadequate, because it provides no clues as to whether, for the particular conduct described, plaintiffs assert that each and every one of the defendants engaged in that conduct—in which case the collective descriptor may be permissible—or whether plaintiffs instead contend that only some of the defendants, or possibly even *none* of them, performed a given act").

*Second*, the Complaint alleges no facts demonstrating that Mr. Klein intended to inflict emotional distress on Plaintiff. The failure to plead this intent defeats any IIED claim. *Nardella v. Leyden High Sch. Dist. 212*, No. 15-CV-4885, 2017 WL 1806589, at \*5 (N.D. Ill. May 5, 2017) (dismissing IIED claim where plaintiff "failed to allege with specificity that the defendants intended to inflict emotional distress" and allegations that defendant acted "willfully with full knowledge and intent" were "conclusory allegations" and "wholly insufficient"); *Tuggles v. United States*, No. 1:18CV97, 2019 WL 954978, at \*7 (M.D.N.C. Feb. 27, 2019) (dismissing IIED claim where "allegations noticeably fail to include any allegation that the [defendants] had intended to cause such emotional distress" and "alleged factual matter does not create a reasonable inference that the [defendants] intended to cause Plaintiff emotional distress").

*Third*, the IIED claim is deficient because it does not allege facts showing that Plaintiff experienced the severe emotional distress required by this tort theory. *Scott-Pitts v. Cnty. of Cook*, No. 18 C 432, 2018 WL 3626991, at \*7 (N.D. Ill. July 30, 2018) (dismissing IIED claim where "the Complaint fails to adequately allege that [plaintiff] actually suffered severe emotional distress"); *Lamb v. Lowe's Companies, Inc.*, No. 517CV00028RJCDSC, 2018 WL 1185508, at \*4 (W.D.N.C. Mar. 7, 2018) (same). An IIED claim requires that the alleged emotional harm be "such that no reasonable person should be expected to endure it." *Marsden*, 572 F. Supp. 3d at 530. "[M]ere insults, indignities, threats, annoyances, petty oppressions or other trivialities" and "fright, horror, grief, shame, humiliation, [and] worry" are non-actionable. *Pub. Fin. Corp. v. Davies*, 360 N.E.2d 765, 767 (Ill. 1976) (affirming dismissal of IIED claim).

Plaintiff's Complaint alleges, and only in conclusory fashion, that Defendants' conduct "diminished the capacity of [his] enjoyment of leisure time, the quiet enjoyment of his personal life, a loss of sleep, extreme emotional distress, and heightened anxiety" (Compl. ¶ 31) and caused a "lack of focus on his successful analytical career" that had a "negative impact on promotion possibilities." (Compl. ¶ 35.) Courts dismiss IIED claims where claimants have, like Plaintiff, alleged only vague and speculative emotional harm. *See, e.g.*, *Ogbolumani v. Young*, 2015 IL App (1st) 141930-U, ¶ 47 (affirming dismissal of IIED claim, holding that allegations that plaintiff "cried, withdrew from his family, suffered sleeplessness and was worried and shamed" and "was humiliated, angry, worried and possibly depressed" was not distress "so severe or long lasting that no reasonable man could be expected to endure it"); *Pierce v. A. Group, Inc.*, 724 S.E.2d 568, 577 (N.C. Ct. App. 2012) (affirming dismissal of IIED claim where alleged "serious on and off the job stress, severely affecting [plaintiff's] relationship with his wife and family members" was not

13

"severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals").

For the above reasons, this Court should dismiss Plaintiff's IIED claim against Mr. Klein (Count I)—which is based exclusively on the same alleged conduct supporting Plaintiff's defamation claim—with prejudice. *See Garcia*, 24 F.3d at 970; *Naperville Smart Meter Awareness*, 114 F. Supp. 3d at 610.

### III. Plaintiff's Breach of Contract Claim Fails Against Mr. Klein as a Matter of Law.

Plaintiff's breach of contract claim against Mr. Klein is based on an alleged violation of the Settlement Agreement that allegedly obligated Mr. Klein, as defendants' attorney in the North Carolina Litigation, "to provide within 10 days of agreement certification that the tape had been destroyed, [but] he did not." (Compl. ¶ 14.)

The parties to the North Carolina Litigation agreed that disputes about the Settlement Agreement would be governed by North Carolina law. (*See* Ex. A, Settlement Agreement, ¶ 11.) Under North Carolina law, the statute of limitations for a breach of contract claim is three years. *Birtha v. Stonemor, N. Carolina, LLC*, 220 N.C. App. 286, 294, 727 S.E.2d 1, 8 (2012) (citing N.C. Gen. Stat. § 1–52). *See also Eastpointe Human Services v. N. Carolina Dept. of Health and Human Services*, 873 S.E.2d 768 (N.C. App. 2022) (noting breach of contract claim "begins to run on the date the promise is broken").

Here, the Settlement Agreement was signed in January 2017. (Compl. ¶ 12.) As the Complaint alleges, a certification of destruction of the 2014 Audio Recording was to be provided within ten days after the execution of the Settlement Agreement. (Compl. ¶ 14; *see also* Ex. A, Settlement Agreement, ¶ 3.) As a result, the statute of limitations for Plaintiff's breach of contract claim began to run no later than February 2017, when Plaintiff failed to receive a confirmation of

14

destruction, and expired no later than February 2020. Despite this, Plaintiff waited to file this action until June 24, 2022—more than five years after the 2014 Audio Recording was to have been destroyed and a certification of the same provided to Plaintiff, and more than two years after the statute of limitations expired. The claim against Mr. Klein based on his alleged failure to certify the destruction of the 2014 Audio Recording within the ten days required by the Settlement Agreement is time-barred on the face of the Complaint and should be dismissed with prejudice. *See, e.g.*, *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674–75 (7th Cir. 2009) (affirming dismissal where "it is clear from the face of the amended complaint that it is hopelessly time-barred"); *Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (noting a complainant can plead himself out of court by asserting factual allegations that establish that plaintiff is not entitled to relief as a matter of law).

## CONCLUSION

For the foregoing reasons, Defendant Klein respectfully requests that this Court grant his Motion and dismiss Plaintiff's Complaint against him, in its entirety and with prejudice.

Date: August 5, 2022

Respectfully submitted,

CARTER H. KLEIN

By: */s/ John F. Ward, Jr.*

John F. Ward, Jr., # 6208004
Lina R. Powell, # 6315661

*Attorneys for Defendant Carter H. Klein*

## CERTIFICATE OF SERVICE

I, John F. Ward, Jr., certify that on August 5, 2022, I caused the foregoing document to be

electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a

Notice of Electronic Filing to all parties and/or counsel of record.

/s/ *John F. Ward, Jr.*
John F. Ward, Jr.